### ADONIJAH BOYD v. JOHN MEIGHAN.

1. A provision in a building contract that disputes with respect to the value of extra work, or of work omitted by directions of the owner, should be determined by arbitrators, is no bar to an action by the contractor for damages for a breach of contract by the owner in refusing to allow the contractor to do the work contracted for and letting the work to another.

2. On the breach of an executory contract for erecting a building, the contractor may recover as damages the profits he would have realized if he had been allowed to complete the contract, and the difference between the cost of executing the contract and the contract price furnishes the means of estimating such damages.

On *certiorari* to the District Court of Hoboken.

Argued at February Term, 1886, before Justices DEPUE, DIXON and REED.

For the plaintiff in *certiorari*, *S. B. Ransom.*

*Contra, James F. Minturn.*

The opinion of the court was delivered by

DEPUE, J. This suit was brought in the District Court in virtue of the act of March 27th, 1882, enlarging the juris-diction of those courts to sums not exceeding $300. *Pamph. L.* 1882, *p.* 195. The thirteenth section of that act provides that where the debt, demand or damage in controversy exceeds $200, the final judgment may be removed to this court for review by *certiorari*, with proviso that no reversal for error of law shall be made, or a new trial granted for the admis-sion or rejection of evidence, or the refusal of the district judge to grant a new trial, unless exception to the ruling of the court below was taken at the trial and is presented to the court in a bill of exceptions sealed by the judge. The alleged errors, therefore, brought within the cognizance of this court by the writ of *certiorari* are such only as appear by the bill of exceptions.

The action was upon a contract, under seal, bearing date July 10th, 1883, between Boyd and Meighan, for the altera-tion and repair by Meighan of certain buildings owned by Boyd, and for furnishing the materials for the mason and carpenter work required therefor, for the contract price of $2000. The contract provided that the work should be com-pleted on or before the 4th of September, 1883. No part of the work contracted for was done by the plaintiff, and on May 28th, 1884, Boyd contracted with another person to do the same work. The evidence shows that Meighan prepared to begin the work, and purchased and had delivered on the premises the lumber, and had made all the door and window-frames required for the buildings. The premises had been let by Boyd to a tenant, who was unwilling to have the work go on, and, on July 12th, wrote to Boyd that she had paid her rent until August 15th, and considered the house her house until that time. Boyd testified that he showed the letter to Meighan, and that they agreed to postpone the com-mencement of the work until he could get his tenants out. Meighan testified that he made no such agreement, and that Boyd gave the contract to another person, without notice to

him, and without his consent. The breach assigned in the declaration was Boyd's refusal to allow the plaintiff to proceed with the work, the letting out of the work to another person, and the wrongful discharge of the plaintiff, for which damages were claimed.

The contract contained the usual provisions that the owner, at any time during the progress of the building, should be at liberty to make alterations, additions or omissions, and that the same should be added or deducted from the amount of the contract by a fair and reasonable valuation, and that should any dispute arise respecting the true value of the extra work, or of the work omitted, the same should be valued by arbitrators—one employed by the owner, the other by the contractor, with power to select an umpire—whose decision should be binding on both parties. These provisions apply only to contingencies arising during the work under the contract. They are wholly inapplicable to the situation of affairs when either party neglects or refuses to proceed with the work, and the other party brings his action for damages.

The contention of the counsel for the defendant, that the provision for arbitration applied as well to cases where the owner declared the contract off, and refused to allow the contractor to begin the work, and thus elected to omit the whole work, is without legal support. The judge's charge that arbitration was not necessary to enable the plaintiff to bring his suit was correct. Equally correct was the refusal of the judge to charge, as requested, that there could be no recovery for work done by the plaintiff until the value of such work had been ascertained by arbitrators, for the work done by the plaintiff in preparation for the execution of the contract was simply an element in his damages. The exceptions taken on both the subjects are not sustained.

Another exception is to the refusal to charge that the plaintiff could recover only for work actually done and materials furnished by him, and that he could not recover any supposed profits he might have made had he performed the contract in full. This question was raised on an exception to the admis-

sion of evidence as well as by exception to the judge's charge. On the breach of an executory contract of this character, the true measure of damages is an equivalent in damages for the profits the party would have realized from the performance of the contract if he had been allowed to complete it, and the difference between the cost of executing the contract and the contract price furnishes the means of estimating such damages. *Masterton* v. *Mayor of Brooklyn,* 7 *Hill* 61 ; *Fox* v. *Harding,* 7 *Cush.* 516 ; *Wolcott* v. *Mount,* 7 *Vroom* 262.

The remaining exception is to the judge's refusal to charge that upon the whole evidence the plaintiff had failed to make out a cause of action, and that the jury should find for the defendant. The evidence was contradictory and so equally poised that such an instruction would have been unwarranted.

We find no error upon the record, and the judgment should be affirmed.